## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. ) | |
| ) | |
| v. ) | Cause No. 1:16-CR-046-HAB |
| ) | |
| WESLEY L. NELSON ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant Wesley L. Nelson filed a Motion for Compassionate Release with this Court on September 28, 2020. (ECF No. 96).[1] The Government responded on October 16, 2020. Thereafter, Defendant filed a document titled "Motion to Appeal," (ECF No. 103), which this Court construed as a supplement to his motion for compassionate release. After considering the parties' filings, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On July 27, 2016, Nelson was charged by way of a single count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (ECF No. 14). Following his guilty plea, Nelson was sentenced to a term of 30 months imprisonment with two years of supervised release to follow. (ECF No. 46).

On July 26, 2019, Nelson completed his sentence of incarceration and began his supervised release term. (ECF No. 89). Only four months into his supervision, the United States Probation

---

[1] While he was awaiting transfer to the BOP, the Defendant filed what he captioned "Motion for Detention Review" wherein he sought release to a halfway house, community confinement, or home detention due to the COVID-19 pandemic. This Court, construing the motion to be a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), denied the request noting that the Defendant failed to address the criteria for relief under the statute. The Court further noted that the denial was without prejudice to the Defendant filing a new request for compassionate release. Now, before the Court, is the Defendant's newest motion for compassionate release.

Office filed a Petition for Warrant for Offender under Supervision, noting that the Defendant tested positive for cocaine, methamphetamine, and amphetamine and missed several probation appointments and drug screens. Additionally, the Defendant had been terminated from his employment and a halfway house. A warrant issued and subsequently, on June 6, 2020, this Court found Nelson in violation of his supervised release terms, revoked his term of supervised release, and ordered him to serve 12 months and 1 day in the Bureau of Prisons with two years of supervised release to follow. The Defendant is currently housed at FCI Manchester in Manchester, Kentucky with an anticipated release date of March 3, 2021.

## DISCUSSION

The Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

   (1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further, and he has not done so here. This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[2]

This Court has also repeatedly declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the absence of clear precedent on exhaustion, this Court's preference has been to "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5.  This case is no different.

---

[2] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

The Defendant asserts that he has maintained a close relationship with his grandmother and that she is no longer able to care for her basic needs. He states that if his sentence is modified and he is placed on supervised release, he will attend to her daily needs and care for her. The Government opposes the Defendant's motion noting that the Defendant bears the burden to establish that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).[3] Here, the Government contends that the Defendant has not met his burden in that the family circumstances he relies on, namely the health of his elderly grandmother, does not meet the requirements of the compassionate release statute.

The Government is correct. While the Court is sympathetic to the concerns of the Defendant regarding the health of his aging grandmother, "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement and do not encompass providing care to elderly parents." *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020); *see also* U.S.S.G. § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for the defendant's minor children or a spouse or registered partner, when no other caregiver is available). Thus, "[c]ourts have not considered a parent's or grandmother's health as an 'extraordinary and compelling' reason under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Stewart*, No. 1:16-CR-89-HAB, 2020 WL 5406181, at *3 (N.D. Ind. Sept. 9, 2020); *see also, United States v. Bonel*, No. 4:14-CR-180 (4), 2020 WL 3470319, at *3 (E.D. Tex. June 25,

---

[3] The Government also rightfully notes that the Defendant has not demonstrated that he filed a request for compassionate release with the Warden where he is incarcerated.

2020) (defendant's contention that she "is needed at home to help her grandmother," while commendable, does not meet the requirements for family circumstances that establish extraordinary and compelling reasons for release from imprisonment); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020) (denying defendant's compassionate release motion to care for his widowed mother's deteriorating health); *Goldberg*, 2020 WL 1853298, at *4 (denying compassionate release motion and stating that "a desire to care for one's elderly parents does not qualify as an 'extraordinary and compelling' reason for release" under 18 U.S.C. § 3582(c)(1)(A)); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (denying compassionate release motion to care for defendant's ill mother because "[m]any, if not all inmates, [have] aging and sick parents").

Given the above cases, the Defendant has clearly not met his burden to establish any extraordinary and compelling grounds for compassionate release. Additionally, the Court notes that the § 3553(a) factors would not warrant a reduction in the Defendant's sentence. The Defendant was before the Court five months ago on a number of supervised release violations, which by itself demonstrates his inability to follow the conditions of supervised release. In fact, within one week of being released on supervision, the Defendant tested positive for cocaine and continued to test positive several more times. Additionally, he was discharged from a halfway house and failed to notify probation of that fact.[4] Even so, in arriving at the Defendant's sentence, the Court departed substantially from the guidelines range of 21-24 months to impose a sentence of a year and a day along with an additional two years of supervised release at the conclusion of his term of imprisonment. The Court believed then, and continues to believe now, that this sentence

---

[4] The Court did not conclude that the Defendant violated the halfway house condition of supervised release due, in part, to complications and restrictions that arose due to the pandemic. These restrictions, as counsel explained to the Court at his final revocation proceeding, complicated the Defendant's ability to return to the halfway house.

was necessary for the Defendant to be deterred from new supervised release violations and to promote respect for the law. To modify the Defendant's sentence further would greatly undermine the statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion is DENIED.

## CONCLUSION

Based on the foregoing, the Defendant's Motion (ECF No. 96) is DENIED.

So ORDERED on November 18, 2020.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT